STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 124-9-17 Vtec

| Katzenbach Act 250 Permit |
|---|

## ENTRY REGARDING MOTION

Count 1, Act 250 District Commission Decision (124-9-17 Vtec)

Title:        Motion for Party Status (Motion 1)
Filer:        Rebecca Beidler
Attorney:     Ryan P. Kane
Filed Date:   December 7, 2017

Response filed on 02/14/2018 by Attorney Peter J. Gill for Interested Person Natural Resources Board
        Response filed

**The motion is GRANTED IN PART.**

This is an appeal of an Act 250 permit issued by the District #7 Environmental Commission (District Commission) approving the operation of a sand and gravel pit in Albany, Vermont. Rebecca Biedler and Jeffrey Ellis, individually and d/b/a Peace of Earth Farm, Mimi Aoun, and Judy Valley (together, Appellants) participated in the proceeding below, where they were granted preliminary and final party status under Criteria 1, 1(D), 1(E), 4, 5, and 8, but denied party status under Criteria 1(A), 9(B), and 9(L).

Appellants now move for party status under Criteria 1(A) and 9(B).

To attain party status, Appellants must show that they have a particularized interest protected by Act 250 that may be affected by the District Commission's decision to grant the permit. 10 V.S.A. § 6085(c)(1)(E). An interest is particularized if it is specific to the party seeking status, as opposed to "a general policy concern shared with the general public." In re Pion Sand & Gravel Pit, No. 245-12-09 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Jul. 2, 2010) (Durkin, J.). The party moving for status must show a "causal connection between [the] proposed project and the potential impact to their particularized interests." Id. (citation omitted). Appellants need not prove that the proposed project *will* affect their particularized interests; rather, they must make an "offer of proof" showing "a reasonable possibility that their . . . particularized interests may be affected by" the decision to grant the permit. In re Bennington Wal-Mart, No. 158-10-11 Vtec, slip op. at 9 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2012) (Walsh, J.) (citations omitted).

### Criterion 1(A): Headwaters

Criterion 1(A) requires an Act 250 applicant to demonstrate that the proposed development:

will meet any applicable Health and Environmental Conservation Department regulation regarding reduction of the quality of the ground or surface waters flowing through or upon lands which are not devoted to intensive development, and which lands are:

> (i) headwaters of watersheds characterized by steep slopes and shallow soils; or
>
> (ii) drainage areas of 20 square miles or less; or
>
> (iii) above 1,500 feet elevation; or
>
> (iv) watersheds of public water supplies designated by the Agency of Natural Resources; or
>
> (v) areas supplying significant amounts of recharge waters to aquifers.

10 V.S.A. § 6086(a)(1)(A).

Appellants' motion alleges the following. Ms. Beidler and Mr. Ellis (who live together), and Ms. Valley live on a small dead-end Class IV road. The surrounding area contains wetlands, hydric soils, and two ponds. A small stream flows from on or near the proposed project site through Ms. Beidler and Mr. Ellis's property. The area is characterized by steep slopes and shallow, sandy soils. In its current condition the area has erosion problems, with sand washing out onto neighboring properties. The stream has seen increased flows in recent years, with attendant erosion problems.

The motion alleges that developing the access road and significantly increasing large truck traffic associated with the proposed project may exacerbate erosion in the area.

These allegations support a conclusion that there is a reasonable possibility the proposed project will impact the quality of the ground or surface waters on land with headwaters of watersheds characterized by steep slopes and shallow soils, under Criterion 1(A)(i).

The NRB suggests that Appellants fail to demonstrate how their interests may be protected by this criterion because they have not identified any Health and Environmental Conservation Department regulation that might apply to the proposed project to mitigate this threat. We decline to adopt this strict requirement into our determination of party status. It is sufficient that Appellants have presented a particularized interest that is protected by Criterion 1(A) and show a reasonable possibility that the proposed project will impact that interest. If we determine during this litigation that there is no relevant regulation, then Appellants' challenge under Criterion 1(A) will become moot.

**Criterion 9(B): Primary Agricultural Soils**

Criterion 9(B) restricts development that will adversely impact primary agricultural soils.

Ms. Beidler and Mr. Ellis operate a farm downhill and across the road from the proposed project. They allege that the proposed project may exacerbate the existing erosion problems alleged above, potentially affecting the soil they rely on for growing vegetables and raising animals. They further allege that dust and erosion caused by increased truck traffic, along with calcium chloride (which might be used to control dust), may adversely impact the soils they rely on for farming. The motion contains no allegations that Ms. Aoun or Ms. Valley have a particularized interest under Criterion 9(B).

These allegations are sufficient to secure party status under Criterion 9(B)(i), which requires the Act 250 applicant to demonstrate that the proposed project "will not significantly interfere with or jeopardize the continuation of agriculture or forestry on adjoining lands or

reduce their agricultural or forestry potential." 10 V.S.A. § 6086(a)(9)(B)(i); see also In re Gingras Act 250 Amended Permit, No. 22-3-15 Vtec, slip op. at 6–7 (Vt. Super. Ct. Envtl. Div. Aug. 21, 2015) (Durkin, J.).

**Conclusion**

Appellants' motion for party status under Criterion 1(A) is **GRANTED** for Ms. Beidler, Mr. Ellis, and Ms. Valley. The motion for party status under Criterion 9(B)(i) is **GRANTED** for Ms. Beidler and Mr. Ellis but **DENIED** for Ms. Valley. Because the motion does not allege any particularized interest that Ms. Aoun may have, she is **DENIED** party status on both criteria.

So ordered.

**Electronically signed on March 14, 2018 at 12:23 PM pursuant to V.R.E.F. 7(d).**

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Ryan P. Kane (ERN 6705), Attorney for Appellant Rebecca Beidler
Ryan P. Kane (ERN 6705), Attorney for Appellant Jeffery Ellis
Ryan P. Kane (ERN 6705), Attorney for Appellant Mimi Aoun
Ryan P. Kane (ERN 6705), Attorney for Appellant Judy Valley
Peter J. Gill (ERN 4158), Attorney for Interested Person Natural Resources Board
L. Brooke Dingledine (ERN 2387), Attorney for Interested Person Ed Mateo
L. Brooke Dingledine (ERN 2387), Attorney for Interested Person Pat Mateo
Appellee Christian D. Katzenbach